IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

MOLLIE HOSEA, et al.,                    :

      Plaintiffs,                          :

vs.                                      : CA 04-0605-WS-C

JESSE LANGLEY, et al.,                   :

      Defendants.                          :

## ORDER

This cause is before the Court on plaintiffs' motion to compel (Doc. 61) and defendants' motions to quash (Doc. 64) and for a protective order (Doc. 89). These motions, referred for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(A), came on for an evidentiary hearing on November 16, 2005. After consideration of the Court record and the arguments presented by counsel, it is determined that the motion to compel should be denied, and that the motion to quash and motion for protective order should be granted.

## BACKGROUND INFORMATION

This Civil Rights action was filed on September 20, 2004 (Doc. 1). The three plaintiffs brought suit against the Sheriff of Marengo County, Alabama, three of his deputies and six other citizens of Marengo County. Jurisdiction is based on federal question with plaintiffs alleging that their claims arise under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. The complaint contains six counts, four being Civil

Rights claims brought pursuant to 42 U.S.C. § § 1982, 1983 and 1985.  The final two counts contain state claims for conversion and theft.[1]

Even though this action was filed in September, 2004, formal discovery did not begin until the entry of a Scheduling Order on April 5, 2005 (Doc. 49). The months prior to the entry of the Scheduling Order were used to better define the issues that would be subject to discovery given the nature of the claims and the number and potential capacities of the parties.  On February 10, 2005, Judge Steele granted in part and denied in part the motions to dismiss, giving the parties a clear roadmap as to the issues on which discovery would be appropriate.

It is also noted that this time was used to allow plaintiffs' counsel, Charles Clyde Tatum, Jr. and Roderick Graham, to gain admission to practice in this Court.  See Show Cause  Order, Doc. 7; Response to Show Cause Order, Doc. 15[2]; Response to Order to Show Cause, Doc. 17; and a Clerk's notation of November 17, 2004.

After reviewing the parties' Rule 26(f) reports filed on April 4, 2005

---

[1]     Defendants tested the issues raised in the Complaint by motions to dismiss.  For a thorough review of the issues that remained for purposes of discovery after these motions were resolved, see Judge Steele's Order on Motions to Dismiss and for Summary Judgment entered on February 10, 2005 (Doc. 39).

[2]     The response by Mr. Graham was filed with an incorrect caption.  The caption he used identifies the case of *Susan Clark v. Washington Mutual Bank, Inc. and Fictitious parties A and B,* Case No. 04-CV-605-S in the United States District Court for Northern District of Alabama, Southern Division.

(Docs. 47 & 48), a specific scheduling order was entered without a conference since the parties had specifically requested that no conference be held. (*Id*.; Doc. 49).   Therein, the discovery period was established between April 5, 2005 and October 5, 2005, a period of six months.

> All discovery is to be completed on or before **October 5, 2005. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.**
>
> For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

RULE 16(b) SCHEDULING ORDER, Doc. 49, p. 1, ¶ 2.(Emphasis supplied)

The parties were also reminded that now that the schedule had been set, any modification of that schedule, including the discovery period, would be authorized only upon a showing of good cause. (*Id*., ¶ 14)

After formal discovery commenced, the record reflects that interrogatories and requests for production of documents were propounded by defendants William and Nedra Goodwin and Larry Fuller and served on May 12 and 23, 2005 respectively.   After this entry, it is difficult to follow the discovery that was taken since the parties failed to keep the Court informed of its progress.   Although Local Rule 5.5(d) requires that this Court be notified when discovery material is served,  the Court can find no record of compliance

with this Local Rule by several parties, including plaintiffs.  The only indication that plaintiffs have engaged in any discovery at all during the authorized period is the circumstantial evidence gained from the notice filed by Mr. Gray that his clients had responded to plaintiff's discovery requests, a notice that was filed on September 20, 2005 (Doc. 59).

The one request for an extension of the discovery period was filed by Mr. Graham on behalf of the plaintiffs on July 28, 2005 (Doc. 57) which was denied by Order dated July 29, 2005 (Doc. 58).  After listening to Mr. Graham explain the basis for filing this request for an extension of sixty days, that was curiously filed more than sixty days before the close of discovery, it is now clear to the Court that he had made a mistake in his calculation as to when discovery ended, thinking that the period ended on the last day of July, 2005. Since plaintiffs actually had until October 5, 2005 in which to complete discovery, the motion to extend the period sixty days beyond July 31, 2005 was a waste of time.

No other discovery event, from plaintiffs' perspective, appears of record until the last day of the discovery period, when plaintiffs moved to compel the depositions of nine defendants that had been noticed for October 25, 2005.  Mr. Graham now notifies the Court that the notices, which were served on or about October 3, 2005, should have set the depositions for October 5, 2005, i.e., two days later.  These notices to take depositions beyond the date established for the close of the discovery period, without an extension of that period having been

4

granted, prompted the motion to quash the notices and for a protective order on behalf of several of the defendants.   In  response to those motions, the Court temporarily stayed the taking of the depositions until a hearing could be held. Now that the hearing has been held, the Court understands that plaintiffs' counsel has modified his position to seek leave to take only two depositions, that of Deputy Sheriff Tommy Reese and Michael Ledkins.

## DISCUSSION

It is presumed that plaintiffs have filed their motion to compel pursuant to Rule 37, Federal Rules of Civil Procedure, even though no authority for the requested relief has been cited. (See Motion To Compel Defendant[s'] Deposition[s], Doc. 61)   The portion of Rule 37 that appears applicable is subsection (d):

> If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, ... .

Rule 37(d).  Plaintiffs feel that their attempts at obtaining dates for the taking of defendants' depositions have been frustrated by counsel for the defendants and that a just order under the circumstances would be to allow the depositions of Reese and Ledkins to be taken outside the discovery period.

Defendants William and Nedra Goodwin moved to quash the notices of their deposition on the grounds that they were noticed to be taken outside the

discovery period without an extension granted and that plaintiffs had failed to take advantage of the opportunities to take the depositions prior to October 5, 2005.   (Motion To Quash Notices of Depositions by Plaintiffs, Doc. 64) Thereafter, on October 21, 2005, defendants Jesse Langley, Tommie Reese, Bryan Jones and Lee Lawrence filed a motion for a protective order pursuant to Rule 26(c) that effectively joined the request to quash the same notices of depositions.    (Motion for Protective Order, Doc. 89) As aforesaid, these depositions have been temporarily stayed pending a hearing to allow plaintiffs an opportunity to show due diligence in trying to complete discovery and the extraordinary circumstances that prevented them from taking the depositions at issue during the discovery period.   (Order, Doc. 69)   That hearing was held by telephone conference on November 16, 2005 and the electronic record of that hearing is available for review.

Whether designated as such, the Court construes each defendant's motion as one for a protective order under Rule 26(c)(1), Federal Rules of Civil Procedure, since they have asked that the scheduled depositions not be taken. [3]

---

[3]      The plaintiffs have not provided the Court with a copy of each notice of deposition that supports their motion to compel.  The response to the motion filed by defendants Langley, Reese, Jones and Lawrence does have a copy of the notices attached as Exhibit M (Doc. 65-14).  The depositions were for nine defendants: William Goodwin, Michael Ledkins, Jimmy McDonald, Larry Fuller, Leroy Rodgers, Lee Lawrence, Bryan Jones, Tommie Reese and Jessie Langley.  They were all scheduled for 9:00 a.m. on October 25, 2005 in the offices of Lloyd & Dinning, LLC, Demopolis, Alabama. (*Id.*) Even though the only defendants to file for a protective order are Goodwin, Langley, Reese, Jones and Lawrence, plaintiffs' counsel admitted that he only needed the depositions of Reese and Ledkins.

Their burden is to show good cause for the requested relief. This burden has clearly been met by the showing that the notices as served violated the Court's Scheduling Order, and, furthermore, the intended deposition date of October 5, 2005, would have been unreasonable even if the notices had contained the correct date.    Plaintiffs' counsel are responsible for the failure to take the depositions during the discovery period as well as setting the depositions incorrectly in the deposition notices served on October 3, 2005.

Plaintiffs' motion to compel clearly should be denied.    The nine depositions noticed were scheduled in violation of the Court's Scheduling Order without an extension of time having been granted.    Even if the notices had provided the correct date, October 5, 2005, to bring the depositions within the discovery period, such a notice would not be reasonable as required in Rule 30(b)(1) ("A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.").    This was clearly recognized by Mr. Graham during the hearing, prompting him to orally move for an extension of time to take just two of the nine depositions at issue.    Defendants Reese and Ledkins objected to this oral request on the basis that plaintiffs had not been prevented from taking these depositions during the six month discovery period and no extraordinary

---

Ledkins, through counsel, joined the motion for a protective order during the hearing held on November 16, 2005.

circumstances existed that would require allowing the depositions to be taken after October 5, 2005.

Thus, the focal question presented in this case, and numerous others that come before the undersigned, is should this Court exercise its authority to control the pace of litigation?   Magistrate Judge Sonja Bivins has recently articulated the importance of courts keeping to their schedules and her words are relevant to the question pending in this action:

> Courts have both the authority and responsibility for ensuring that cases proceed in a timely manner. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely orderly conclusion."); *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("Indeed, we have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid 'a massive waste of judicial and private resources' and a loss of society's confidence in the courts' ability to administer justice."'), *quoting Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). *See also* Advisory Committee Notes, Fed.R.Civ.P. 16 ("Rule 16(b) assures that the judge will take some early control over the litigation ...").
>
> The importance of observing deadlines contained in scheduling orders is recognized in Rule 16(b), where it is provided that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district court ..." Moreover, the Eleventh Circuit, in affirming the denial of an untimely motion to amend a complaint noted that "this good cause standard precludes modification [of the scheduling order] unless the schedule cannot "be met despite the diligence of the party seeking the extension". *Sosa v. Airpring Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998).

*Argo Systems FZE v. Liberty Insurance PTE, LTD.*, 2005 WL 1355060 (S.D. Ala. 2005).

The evidence of plaintiffs' attempt to complete discovery within the six months authorized is very scant. After receipt of this Scheduling Order, plaintiffs have served one set of written interrogatories and it appears from the statements of counsel that they were served in late July or early August, 2005, approximately four months after the start of formal discovery. Other than those interrogatories, plaintiffs noticed the nine depositions at issue either for an unreasonable date, October 5, 2005, giving the deponents and counsel only two days to prepare and appear in Demopolis, or outside the discovery period, October 25, 2005. No other discovery has been taken by the plaintiffs, although the defendants have successfully taken the plaintiffs' depositions. Counsel for defendants also make the arguments that they were prepared to present their clients for depositions simultaneously with the plaintiffs if only a request had been made.

Plaintiffs' attempt to point to a refusal by opposing counsel to agree to deposition dates as the cause for not completing discovery on time rings hollow for three sound reasons. First, plaintiffs were always in control of the timing and sequencing of their discovery requests. The Court's Scheduling Order did not require that depositions be taken in a particular order or that they be taken at a designated time during the six month period established for completion of

the discovery process.  See Rule 26(d) ("Unless the Court upon motion, for the convenience of the parties and witnesses and in the interest of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.").

The second reason is simply that plaintiffs could have noticed the depositions of these defendants immediately upon realization that opposing counsel were not cooperating.   Although this Court strongly encourages cooperation among counsel in the scheduling of depositions, counsel must adhere to the time limits imposed by the Court.   This clearly means that depositions must be noticed in time to be completed within the discovery period.   This principle of case management is highlighted by the fact that the defendants successfully took the depositions of the three plaintiffs.

And finally, plaintiffs could have asked for the Court to assist in setting a deposition schedule that would ensure compliance with the scheduling order. These two steps, sending deposition notices and seeking the Court's assistance, were actually taken by Mr. Graham on behalf of his clients when the notices were served on October 3, 2005 and when he filed his motion to compel on October 5, 2005, but by that time, he was too late.

## CONCLUSION

Under these circumstances, plaintiffs cannot now obtain an expansion of

10

the discovery period or a modification of the Scheduling Order without having shown good cause.   Plaintiffs have not established a good reason for not taking the depositions of Reese and Ledkins prior to October 5, 2005, nor have they shown that extraordinary circumstances interferred or obstructed their diligent attempts to take these allegedly critical depositions of two defendants.   Instead, it is clear that the plaintiffs were not diligent in attempting to complete discovery on the schedule requested and then authorized by the Court. Therefore, plaintiffs' motion to compel the deposition of defendants (Doc. 61) is DENIED and the motion to quash plaintiffs' notices of deposition and for a protective order are GRANTED.   Plaintiffs' oral motion for leave to take two depositions outside the established discovery period is also DENIED.

DONE AND ORDERED this 23rd day of November, 2005.

 s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

11